UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONNINE SITTRE,<br><br>             Plaintiff,<br><br>   v.<br><br>HONORABLE JUDGE NAFTZ, Sixth District Court; DAVE MARTINEZ, Bannock County Public Defender's Office; and JANICE PRICE, Bannock County Prosecutor,<br><br>             Defendants. | Case No. 4:21-cv-00238-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Jonnine Sittre's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case without prejudice.

1.      **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Dismissal under §§ 1915 and 1915A is appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted). Finally, a court is not required to comb through a plaintiff's exhibits or other filings to determine if a complaint states a plausible claim.[1]

---

[1] Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Dkt. No. 3, not the exhibits or other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing

3.  **Factual Allegations**

Plaintiff is a pretrial detainee confined in the Bannock County Detention Center and is facing ongoing criminal charges. Plaintiff's state court trial on these charges is scheduled for September 14, 2021. *See State v. Sittre*, Bannock County Case No. CR-03-20-07024, *docket available at* https://icourt.idaho.gov/ (iCourt Database).[2] Plaintiff sues the judge, the prosecutor, and the defense attorney in those proceedings. The Complaint alleges that Plaintiff's rights in the underlying criminal proceeding are being violated and that the conditions of Plaintiff's detention are unconstitutional. *See Compl.*, Dkt. 3, at 2–6.

4.  **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse

---

exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

[2] The Court takes judicial notice of the docket in Plaintiff's underlying state criminal case. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010) ("[A] court can take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies.").

of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when the conditions to which the detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Conditions-of-confinement claims asserted by pretrial detainees are analyzed using a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### A. *Plaintiff's Claims Related to Pending Criminal Charges Are Subject to Abstention*

Plaintiff challenges state criminal charges pending in Bannock County, Idaho. However, a federal court can hear a civil rights claim related to a pending state criminal case only if "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971). It is only in the most unusual of circumstances that a federal court may interfere in an ongoing state criminal matter. Instead, a court generally must abstain from hearing any such claim. *Id.*

In order for a federal court properly to abstain from hearing a case under the *Younger* abstention doctrine, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may entertain an action only when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53–54; or (3) where there

is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54.

In this instance, if this Court were to interfere in Plaintiffs' ongoing state criminal case, the principles of federalism and comity would not be served. As discussed in *Younger*, important state interests are at stake where state criminal proceedings are involved. Plaintiff has a remedy in the state court system—her trial is already set—and there is no indication that the state courts are not fully capable and willing to adjudicate the constitutional issues raised by Plaintiff. Further, Plaintiff's generalized allegations that the judge in the criminal case abuses his discretion and is retaliating against Plaintiff are insufficient to show bad faith or harassment. Because the three *Younger* factors abstention are satisfied, and because no "extraordinary circumstances" exist to allow Plaintiff to proceed on federal civil rights claims at this time, the Court concludes that abstention is appropriate. Therefore, the Court will dismiss all claims related to Plaintiff's pending state criminal case.

### B.  *Plaintiff's Conditions-of-Confinement Claims Are Implausible*

To the extent Plaintiff complains of the conditions of confinement in the Bannock County Detention Center, she has not sued an appropriate defendant. The judge, the prosecutor, and Plaintiff's defense attorney in the pending state criminal case do not manage the jail and are not responsible for jail conditions. *See Taylor*, 880 F.2d at 1045; *Iqbal*, 556 U.S. at 677. Therefore, Plaintiff's conditions-of-confinement will be dismissed as implausible.

If Plaintiff intends to pursue civil rights claims regarding the conditions of confinement in the Bannock County Jail, Plaintiff may do so in a separate civil rights action

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

naming, as defendants, entities or individuals who are responsible for jail conditions or who participated in the alleged constitutional violations.

5.  **Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although these several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity

to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of the Complaint that (1) Plaintiff's criminal case-related claims are subject to *Younger* abstention, and (2) with respect to Plaintiff's conditions-of-confinement claims, no named defendant is responsible for the conditions of Plaintiff's confinement.

Therefore, the Court will dismiss this case without leave to amend.

## ORDER

IT IS ORDERED:

1. This entire case is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b)(1), and pursuant to *Younger v. Harris*, 401 U.S. at 46.

2. Plaintiff's Motion for Amended Information (Dkt. 11) is DENIED AS MOOT.

DATED: September 10, 2021

David C. Nye
Chief U.S. District Court Judge